UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| VIDEOSHARE, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC, a Delaware corporation; and YOUTUBE LLC, a Delaware limited liability company. <br><br> Defendant. | Civil Action No: 13-cv-990 (GMS) <br><br> **DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VideoShare, LLC ("VideoShare") sues Defendants YouTube, LLC and Google, Inc. (collectively, "Defendants") and on information and belief alleges as follows:

1. Plaintiff VideoShare owns the inventions described and claimed in (i) United States Patent No. 8,438,608 entitled "Sharing a Streaming Video" (the "'608 Patent," a copy of which is attached hereto as Exhibit A) and (ii) United States Patent No. 8,464,302 entitled "Method and System for Sharing Video with Advertisements Over a Network" (the "'302 Patent," a copy of which is attached hereto as Exhibit B). Defendants, without VideoShare's permission, have used and continue to use VideoShare's patented technology in products and services that they make, use, import, sell, and offer to sell. VideoShare seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell VideoShare's technology without permission.

**Jurisdiction and Venue**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400. Defendants (a) are Delaware entities that avail themselves of the laws and protections of the District of Delaware; (b) are responsible for acts of infringement occurring in the District of Delaware; and (c) have delivered or caused their infringing products and/or services to be delivered and/or used in the District of Delaware.

**Parties**

4. Plaintiff VideoShare is a Delaware limited liability company with its principal place of business in Chestnut Hill, Massachusetts.

5. Defendant Google, Inc. is a Delaware corporation with a principal place of business in Mountain View, California.

6. Defendant YouTube, LLC is (a) a wholly owned subsidiary of Google Inc. and (b) a Delaware limited liability company with a principal place of business in San Bruno, California.

## COUNT I

### (Defendants' infringement of the '608 Patent)

7. Plaintiff incorporates by reference each of the allegations in paragraphs 1-6 above.

8. On May 7, 2013, the '608 Patent, disclosing and claiming a "Sharing Streaming a Video" invention, was duly and legally issued by the United States Patent and Trademark Office.[1]

9. Each claim of the '608 Patent is valid and enforceable.

10. Plaintiff VideoShare is the owner of the '608 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

11. Since May 7, 2013, Defendants have infringed the '608 Patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale infringing products and/or services, without a license or permission from VideoShare. Defendants' infringing products and services include their products and services for receiving, converting, and sharing streaming video, including those marketed as YouTube.

12. Defendants' infringement of the '608 Patent has been and continues to be willful. Defendants knew of the '608 Patent since before the filing of this lawsuit. Defendants have disregarded and continue to disregard an objectively high likelihood that their actions infringe the '608 Patent. This risk has been known to Defendants, or is so obvious that it should have been known to them.

---

[1] The '608 Patent issued with a typographical error: the second step of claim 1, as allowed, reads "executing, <u>by the receiving computer</u>, in response to receiving the video file"—not "executing, <u>by the receiving computer server</u>, in response to…" VideoShare is in the process of obtaining a certificate of correction from the United States Patent and Trademark office to correct this typographical error.

3

13. Plaintiff has been damaged by Defendants' infringement of the '608 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '608 Patent.

## COUNT II

**(Defendants' infringement of the '302 Patent)**

14. Plaintiff incorporates by reference each of the allegations in paragraphs 1-6 above.

15. On June 11, 2013, the '302 Patent, disclosing and claiming a "Sharing Streaming a Video" invention, was duly and legally issued by the United States Patent and Trademark Office.

16. Each claim of the '302 Patent is valid and enforceable.

17. Plaintiff VideoShare is the owner of the '302 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

18. Since June 11, 2013, Defendants have infringed the '302 Patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale infringing products and/or services, without a license or permission from VideoShare. Defendants' infringing products and services include their products and services for receiving, converting, and sharing streaming video, including those marketed as YouTube.

19. Defendants' infringement of the '302 Patent has been and continues to be willful. Defendants knew of the '302 Patent since June 11, 2013. Defendants have disregarded and continue to disregard an objectively high likelihood that their actions infringe the '302 Patent.

This risk has been known to Defendants, or is so obvious that it should have been known to them.

20. Plaintiff has been damaged by Defendants' infringement of the '302 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '302 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '302 Patent and the '608 Patent;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '302 Patent and the '608 Patent.

C. Enhancement of Plaintiff's damages pursuant to 35 U.S.C. § 284;

D. Costs of suit and attorneys' fees;

E. Pre-judgment interest; and

F. Such other relief as justice requires.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues.

| | |
|---|---|
| Dated: June 26, 2013 | Respectfully submitted, |
| | FARNAN LLP |
| | /s/Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>919 N. Market St., 12th Floor |
| OF COUNSEL: | Wilmington, DE 19801<br>(302) 777-0300 |
| Simon Franzini | (302) 777-0301 |
| Richard E. Lyon | bfarnan@farnanlaw.com |
| Gregory S. Dovel | |
| *Dovel & Luner, LLP* | |
| 201 Santa Monica Blvd., Suite 600 | |
| Santa Monica, CA 90401 | |
| Telephone: 310-656-7066 | |
| Facsimile: 310-657-7069 | |
| Email: simon@dovellaw.com | |
| | *Counsel for Plaintiff VideoShare, LLC* |