IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIDEOSHARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-990 (GMS) |
| | ) | |
| GOOGLE INC. and YOUTUBE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER
VENUE AND STAY PENDING DISPOSITION OF THE TRANSFER MOTION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Google Inc. and
YouTube LLC*

OF COUNSEL:

Cono A. Carrano
David C. Vondle
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564
(202)  887-4000

August 2, 2013

## TABLE OF CONTENTS

Page

I.      NATURE AND STAGE OF THE PROCEEDING...............................................................1

II.     SUMMARY OF ARGUMENT.........................................................................................1

III.    STATEMENT OF FACTS ...............................................................................................2

IV.     LEGAL STANDARD .......................................................................................................6

V.      THIS CASE SHOULD BE TRANSFERRED TO MASSACHUSETTS..........................6

        A.      This Case Could Have Been Brought In Massachusetts.........................................6

        B.      Transfer Serves The Interests Of Convenience And Justice ...................................8

        C.      The *Jumara* Factors Strongly Favor Transfer.......................................................17

VI.     THIS CASE SHOULD BE STAYED PENDING DISPOSITION OF THIS
        TRANSFER MOTION ....................................................................................................18

VII.    CONCLUSION.................................................................................................................20

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*,
    2007 WL 2892707 (D. Del. Sept. 30, 2007)..........................................................................18

*AIP Acquisition LLC v. iBasis, Inc.*,
    2012 WL 5199118 (D. Del. Oct. 19, 2012) ...........................................................................14

*Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*,
    2013 WL 3293611 (D. Del. June 28, 2013)....................................................................11, 14

*Brunswick Corp. v. Precor Inc.*,
    2000 U.S. Dist. LEXIS 22222 (D. Del. Dec. 12, 2000)........................................................15

*Cashedge, Inc. v. Yodlee, Inc.*,
    2006 U.S. Dist. LEXIS 50488 (D. Del. 2006) ......................................................................15

*Cellectis S.A. v. Precision Biosciences, Inc.*,
    858 F. Supp. 2d 376, 381 (D. Del. 2012)..............................................................................11

*Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*,
    432 F. Supp. 956 (D. Del. 1977), *aff'd,* 577 F.2d 725 (3d Cir. 1978) ....................................16

*Digital Equip. Corp. v. AltaVista Tech., Inc.*,
    960 F. Supp. 456 (D. Mass. 1997) .........................................................................................8

*Fuller v. Amerigas Propane, Inc.*,
    2009 WL 2390358 (N.D. Cal. Aug. 3, 2009) .......................................................................19

*In re EMC Corp.*,
    501 F. App'x 973 (Fed. Cir. Jan. 29, 2013).........................................................................18

*In re Fusion–IO, Inc.*,
    489 F. App'x 465 (Fed. Cir. 2012) .......................................................................................18

*In re Link_A_Media Devics Corp*
    *662 F. 3d 1221* (Fed. Cir. 2011) . .................................................................................6, 9, 16

*In re Morgan Stanley*,
    417 F. App'x 947 (Fed. Cir. Apr. 6, 2011) ..........................................................................19

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009).............................................................................................16

*In re U.S.*,
    273 F.3d 380 (3d Cir. 2001)........................................................................................6

*Ingro v. Tyco Indus., Inc.*,
    227 U.S.P.Q. 69 (N.D. Ill. 1985) ..............................................................................19

*Intellectual Ventures I LLC v. Altera Corp.*,
    842 F. Supp. 2d 744 (D. Del. 2012)..........................................................................11

*IpVenture, Inc. v. Acer, Inc.*,
    2012 U.S. Dist. LEXIS 102446 (D. Del. July 24, 2012) ..........................................15

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)................................................................................. *passim*

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
    2013 U.S. Dist. LEXIS 1924 (D. Del. Jan. 7, 2013)..................................................9

*McDonnell Douglas Corp. v. Polin*,
    429 F.2d 30 (3d Cir. 1970)........................................................................................18

*Microsoft Corp. v. Geotag Inc.*,
    847 F. Supp. 2d 675 (D. Del. 2012).....................................................................16, 17

*Mitel Networks Corp. v. Facebook, Inc.*,
    2013 WL 1856457 (D. Del. May 1, 2013)...............................................................8, 12

*Nilssen v. Everbrite, Inc.*,
    2001 WL 34368396 (D. Del. Feb. 16, 2001) ...........................................................13

*NYLife Distribs., Inc. v. Adherence Grp., Inc.*,
    72 F.3d 371 (3d Cir. 1995)........................................................................................10

*Pennwalt Corp. v. Purex Indus., Inc.*,
    659 F. Supp. 287 (D. Del. 1986)................................................................................9

*Rivers v. Walt Disney Co.*,
    980 F. Supp. 1358 (C.D. Cal. 1997) .........................................................................19

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970).........................................................................................6

*Smart Audio Techs., LLC v. Apple, Inc.*,
    2012 WL 5865742 (D. Del. Nov. 16, 2012) .....................................................9, 11, 13

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
    537 F. Supp. 2d 635 (D. Del. 2008)..........................................................................11

*Tsoukanelis v. Country Pure Foods, Inc.*,
    337 F. Supp. 2d 600 (D. Del. 2004).............................................................................9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)...................................................................................................18

STATUTES

28 U.S.C. § 1331...................................................................................................................7

28 U.S.C. § 1338...................................................................................................................7

28 U.S.C. § 1400(b)..............................................................................................................7

28 U.S.C.§ 1404(a) ...................................................................................................... *passim*

OTHER AUTHORITIES

MOORE'S FEDERAL PRACTICE § 111.12[b] (3d ed. 2012) ..............................................7

## I.      NATURE AND STAGE OF THE PROCEEDING

On June 4, 2013, VideoShare, LLC ("Plaintiff") sued Google Inc. ("Google") and

YouTube, LLC ("YouTube"), alleging infringement of U.S. Patent No. 8,438,608 ("the '608

patent").  On June 26, 2013, Plaintiff filed an amended complaint adding U.S. Patent No.

8,464,302 ("the '302 patent").  Google and YouTube have moved to transfer this action to the

District of Massachusetts.  This is Google and YouTube's opening brief in support of that motion.

## II.     SUMMARY OF ARGUMENT

The convenience of the parties and witnesses and the interests of justice strongly favor

transfer of this case to the District of Massachusetts, where this dispute first began over ten

months ago.  The *Jumara* factors favor transfer to Massachusetts because it is Google and

YouTube's preferred forum; it is where the infringement claims arose; the parties' offices are

located within ten miles of the federal courthouse in Boston; two of the named inventors reside

in the Boston area; and there is a closely related litigation pending in the District of

Massachusetts involving the same parties, a closely related patent, the same accused Google

YouTube products and services, and the same video sharing technology.  The only *Jumara* factor

that weighs against transfer is Plaintiff's choice of forum, but that factor is significantly

diminished because Plaintiff has no presence in Delaware and first selected the District of

Massachusetts to initiate its dispute against YouTube.  Plaintiff now appears to be engaged in

forum shopping for greener pastures by filing this action in this Court.  Thus, the *Jumara* factors

heavily weigh in favor of transfer to the District of Massachusetts.

Additionally, a short stay pending disposition of this transfer motion will promote judicial

economy and conserve party resources.  Google and YouTube sought transfer at the very

beginning of this case to ensure that this dispute proceeds in the more convenient forum.  A short

stay will not prejudice the parties, nor will it harm Plaintiff's ability to seek a monetary remedy in this case.  With years passing since Plaintiff received its first patent directed to video sharing technology, Plaintiff cannot reasonably oppose a short stay to ensure that this case proceeds in the appropriate forum.

## III.    STATEMENT OF FACTS

### A.    Procedural History

On October 26, 2012, Plaintiff sued YouTube in the U.S. District Court in Massachusetts, alleging infringement of U.S. Patent No. 7,987,492 ("the '492 patent") that purports to cover systems and methods for sharing a streaming video.  (Ex. A at ¶¶ 1, 7).  After nearly nine months of litigation in Massachusetts, Plaintiff sued Google and YouTube in this Court, alleging infringement of two closely related patents, the '608 patent and the '302 patent, that also purport to cover systems and methods for sharing a streaming video.[1]  (D.I. 7 at ¶¶ 1, 11, 18). Plaintiff accuses the same products and services of infringement in both cases.  (Ex. A at ¶¶ 1, 7; D.I. 7 at ¶¶ 1, 11, 18).  Namely, Plaintiff claims that Google and YouTube infringe its patents through the national use, sale, and marketing of the Google's YouTube product and services. (*See id.*).  Plaintiff concedes that "mirror image" litigations are pending in this Court and Massachusetts.   (Ex. Y at 14).

Plaintiff recently moved to dismiss the Massachusetts case against YouTube, without any explanation.  (Ex. B at 1).  With the express intent of attempting to divest the Massachusetts court of jurisdiction, Plaintiff offered YouTube an unsolicited covenant not to sue.  (Ex. C at 2).

---

[1]    Plaintiff sued two additional defendants, Vimeo, Inc. ("Vimeo") and Viddler, Inc. ("Viddler"), for patent infringement in this Court.  *See VideoShare, LLC v. Vimeo, LLC*, C.A. No. 13-992-GMS, D.I. 1 (D. Del. June 4, 2013) ("Vimeo Compl.") (asserting the '608 patent); *VideoShare, LLC v. Viddler, Inc*., C.A. No. 13-991-GMS, D.I. 10 (D. Del. June 26, 2013) ("Viddler Am. Compl.") (asserting the '608 and '302 patents).  Vimeo and Viddler consent to the transfer of their cases to the District of Massachusetts.  (Carrano Decl. at ¶¶ 38-39).

The covenant, however, does not extinguish the entire controversy between the parties. For example, the covenant does not resolve Plaintiff's nearly identical infringement claims in this case, and Plaintiff confirmed that it will continue to pursue its infringement claims against YouTube in this Court.  (Ex. B at 2 n.1).

YouTube opposed Plaintiff's motion to dismiss the Massachusetts case because: (1) Plaintiff first selected Massachusetts to resolve this dispute; (2) Massachusetts is the more convenient forum for all parties; and (3) there remains a real and substantial controversy between the parties requiring resolution by the Massachusetts court.  (Ex. E at 1).  YouTube also moved to amend its pleadings in that case to assert counterclaims of non-infringement, invalidity, and unenforceability of the '608 and '302 patents and to join its parent company, Google, so the entire controversy between the parties can be properly resolved in Massachusetts.  (*See generally* Ex. D).  Both YouTube's motion to amend (Exs. D, V) and Plaintiff's motion to dismiss (Ex. B) are pending before the Massachusetts court. (Declaration of Cono A. Carrano in Support of Defendants' Motion to Transfer and Stay Pending Disposition of the Transfer Motion ("Carrano Decl.") at ¶ 30).

## B. The Parties

Plaintiff is a Delaware company with its principal place of business in Chestnut Hill, Massachusetts.  (D.I. 7 at ¶ 4).  Plaintiff has no Delaware offices or other listed locations. (*See id.*)  Plaintiff's office is located approximately 8 miles from the federal courthouse in Boston, Massachusetts.  (Carrano Decl. at ¶ 34; Ex. P at 2).  All of Plaintiff's employees appear to reside in the greater Boston area.  For example, Plaintiff's President and Chief Executive Officer, Gad Liwerant, appears to reside in Chestnut Hill, Massachusetts.  (*See* Ex. G at 2; Ex. H at 2).

Google and YouTube are Delaware companies with their principal places of business in Mountain View and San Bruno, California.[2]  (D.I. 7 at ¶¶ 5-6; Declaration of Paco Galanes in Support of Defendants' Motion to Transfer and Stay Pending Disposition of the Transfer Motion ("Galanes Decl.") at ¶¶ 2-3).  Google has an office located in Cambridge, Massachusetts, approximately 2 miles from the federal courthouse in Boston.  (Carrano Decl. at ¶ 33; Galanes Decl. at ¶ 7; Ex. O at 2).  Some of Google and YouTube's employees relevant to this case, including product managers, engineers, and finance employees, are located in the greater Boston area.  (Carrano Decl. at ¶ 35; Galanes Decl. at ¶ 7; Ex. M).  Google and YouTube do not have offices in Delaware.   (Carrano Decl. at 36; Galanes Decl. at ¶ 8; Ex. Q at 3).

### C.     The Asserted Patents

Plaintiff's patents asserted in this Court and the District of Massachusetts purport to cover systems and methods for sharing a streaming video.  (D.I. No. 7 at ¶¶ 1, 8, 15; Ex. A at ¶¶ 1, 8).  The patents each list the same three inventors:  Gad Liwerant, Christopher Dodge, and Guillaume Boissiere.  (D.I. 7, Exs. A and B at cover pages; Ex. F at cover page).  All of the named inventors appear to have resided in the Boston area (specifically, Cambridge and Arlington, Massachusetts) at the time the patent applications were filed.  (*See id.* at cover pages).  Two of the three inventors still appear reside in the greater Boston area (and the other appears to reside in Arizona).  (Ex. G at 2; Ex. H at 2; Ex. I at 2; Ex. J at 2).  Furthermore, the '492 patent was prosecuted by Foley & Lardner, LLP, in Boston, Massachusetts, and the '608 and '302 patents were prosecuted in part by Guerin & Rodriguez, LLP in Marlborough, Massachusetts.  (*See* D.I. 7, Exs. A  and B at cover pages; Ex. F at cover page; Carrano Decl. at ¶ 37).

---

[2]    Vimeo and Viddler are both Delaware corporations.  (Vimeo Compl. at ¶ 5; Viddler Am. Compl. at ¶ 5).  Vimeo's principal place of business is in New York, New York. (Vimeo Compl. at ¶ 5).  Viddler's principal place of business is in Bethlehem, Pennsylvania. (Viddler Am. Compl. at ¶ 5).

All three patents are directed to video streaming technology.  (D.I. 7, Exs. A and B at titles; Ex. F at title).  The '492 patent asserted in Massachusetts is the parent of the '608 patent asserted here, and both patents share the identical title, inventors, and specification, and virtually identical claims.  (*See generally* D.I. 7, Ex. A; Ex. F).  Indeed, the United States Patent and Trademark Office ("PTO") rejected the '608 patent for obviousness-type double patenting because the '608 patent claims are "not patentably distinct" from the '492 patent claims.  (Ex. R at 3).  VideoShare did not disagree, and instead submitted a terminal disclaimer to overcome the PTO's rejection, relinquishing the term of the '608 patent that extends beyond the expiration date of the '492 patent.  (Ex. S at 2).  The examiner subsequently allowed the claims of the '608 patent without further comment.  (*See generally* Ex. T).

Like the '492 and '608 patents, the '302 patent is also directed to systems and methods for sharing a streaming video.  (*See generally* D.I. 7, Ex. B at title).  The '302 patent does not claim priority to the '492 or '608 patents, but its disclosure and claims are closely related to those patents, including the presence of identical figures and portions of the specification. (*See id.*).  The claims of the '302 patent were also rejected by the PTO for obviousness-type double patenting because the '302 claims are "not patentably distinct" from the claims of the '492 patent or the then-pending claims of the '608 patent (Application No. 13/175,688). (Ex. U at 3-4).  Once again, VideoShare submitted a terminal disclaimer, relinquishing the statutory term of the '302 patent beyond the expiration date of the '492 and '608 patents.  (Ex. V at 1-2).  The examiner subsequently allowed the claims of the '302 patent without further comment.  (*See generally* Ex. W).

## IV.    LEGAL STANDARD

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The provision affords district courts with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). In this assessment, the court undertakes a two-step inquiry to determine whether a motion to transfer should be granted. First, the court will consider whether the action is one that could have originally been brought in the proposed transferee forum. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). Second, the court will determine whether transfer would best serve the interests of convenience and justice. *See Jumara*, 55 F.3d at 879.

The burden rests on the defendant to show that transfer is appropriate at each step. *Id.* (citing *Shutte*, 431 F.2d at 22). The defendant "is not required to show truly compelling circumstances . . . ." *In re U.S.*, 273 F.3d 380, 388 (3d Cir. 2001). It must only show that "all relevant things considered, the case would be better off transferred to another district." *Id.* The defendant's burden is further reduced where the plaintiff brings suit away from its principal place of business. *In re Link_A_ Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011).

## V.    THIS CASE SHOULD BE TRANSFERRED TO MASSACHUSETTS

### A.    This Case Could Have Been Brought In Massachusetts

Under 28 U.S.C. § 1404(a), the proposed transferee forum must be one in which the action might have originally been brought. Accordingly, the court may grant Google and YouTube's motion to transfer to the District of Massachusetts if venue would have been proper

there and if that district court could have exercised personal and subject matter jurisdiction in the action.  *See* 17 MOORE'S FEDERAL PRACTICE § 111.12[b] (3d ed. 2012) (Ex. X).

This case could have been, and was indeed first brought, in the District of Massachusetts. Plaintiff's principal place of business is located in Chestnut Hill, Massachusetts (D.I. 7 at ¶ 4), and Google and YouTube maintain offices in Boston, Massachusetts.  (Carrano Decl. at ¶ 33; Galanes Decl. at ¶ 1, 7; Ex. M).  Therefore, it is clear that each party has sufficient minimum contacts with the proposed transferee forum to provide that district court with personal jurisdiction.  *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").  Likewise, the District of Massachusetts would have subject matter jurisdiction over this patent dispute pursuant to 28 U.S.C. § 1338(a), which provides district courts with original jurisdiction in such matters.  Thus, this action could have been brought in the proposed transferee forum.

Indeed, Plaintiff brought a closely related patent dispute in the District of Massachusetts against YouTube about ten months ago.  (Ex. A at ¶ 1).  In Plaintiff's first complaint, Plaintiff acknowledged that its principal place of business is located in Chestnut Hill, Massachusetts. (*Id*. at ¶ 2).  Plaintiff also conceded that Massachusetts has subject matter jurisdiction over its patent infringement claims under 28 U.S.C. §§ 1331 and 1338, and that venue is proper in Massachusetts under 28 U.S.C. § 1404(a).[3]  (*Id*. at ¶¶ 4-5).  Therefore, the first step in the *Jumara* inquiry is unquestionably satisfied.

---

[3]    Likewise, Plaintiff could have brought its actions against Vimeo and Viddler in Massachusetts.  Both Vimeo and Viddler are national companies that advertise and sell the allegedly infringing products over the internet.  (Vimeo Compl. at ¶¶ 1, 10; Viddler Am. Compl. at ¶¶ 1, 10); *see also Digital Equip. Corp. v. AltaVista Tech., Inc*., 960 F. Supp. 456, 462

### B.    Transfer Serves The Interests Of Convenience And Justice

The next issue is whether transferring this action to the District of Massachusetts would serve the interests of convenience and justice.  *See Mitel Networks Corp. v. Facebook, Inc.*, C.A. No. 12-325, 2013 WL 1856457, at * 5 (D. Del. May 1, 2013).  The Third Circuit has instructed courts to perform a case-by-case analysis, rather than apply a "definitive formula" when considering a transfer motion.  *See Jumara*, 55 F.3d at 879.  This assessment should take into account the various public and private interests protected and defined in Section 1404(a).  The private interests may include:

> Plaintiff's forum preference as maintained in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records.

*See Jumara*, 55 F.3d at 879.  The public interests may include:

> the enforceability of the judgment: practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80.  The *Jumara* analysis is not limited to these explicitly enumerated factors, and no one factor is dispositive.  *See id.* at 879.

### 1.  Plaintiff's Forum Preference Is Entitled To Little Deference

The first private interest factor to be considered is the "plaintiff's forum preference as manifested in the original choice."  *Jumara*, 55 F.3d at 879.  Typically, district courts accord deference to the plaintiff's choice of forum.  *Link_ A_ Media Devices,* 662 F.3d at 1223.

_____

(D. Mass. 1997) (defendant's internet sales to Massachusetts residents created personal jurisdiction in Massachusetts).

However, the deference afforded to a plaintiff's choice of forum is shown primarily by placing the initial burden on the movant to demonstrate that the balance of convenience "strongly" favors transfer. *See Smart Audio Techs., LLC v. Apple, Inc.*, C.A. No. 12-134, 2012 WL 5865742, at *4 (D. Del. Nov. 16, 2012). Specifically, as an individual *Jumara* factor, a plaintiff's forum preference receives enhanced weight only where it has chosen to file suit on its home turf or can identify a rational and legitimate reason for litigating in Delaware. *See id*.

Here, Plaintiff is a Delaware company, and its forum choice of Delaware is typically entitled to some measure of deference. However, Plaintiff's state of organization is "not dispositive." *See Link_A_Media Devices*, 662 F.3d at 1223. In fact, "when a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than . . . paramount consideration." *Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400, 2013 U.S. Dist. LEXIS 1924, at *10 (D. Del. Jan. 7, 2013); *see also Pennwalt Corp. v. Purex Indus., Inc.,* 659 F. Supp. 287, 289 (D. Del. 1986) ("A defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its 'home turf.'"). Therefore, Plaintiff's choice of forum is entitled to less deference than it would typically receive because Plaintiff chose to litigate in the forum where it is incorporated, rather than on its home turf. *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 603-04 (D. Del. 2004) ("[B]ecause plaintiffs did not bring the action on their 'home turf,' their choice of forum is accorded less weight").

Plaintiff's preference is also significantly diminished because it seeks to engage in forum shopping and piecemeal litigation of this dispute. Plaintiff previously filed a closely related complaint against YouTube in the District of Massachusetts. (*See generally* Ex. A at ¶ 1). After nine months of litigation, Plaintiff sought voluntary dismissal of that case in favor of

pursuing this nearly identical or "mirror image" lawsuit. (Ex. Y at 14). Plaintiff also offered an unsolicited covenant not to sue YouTube for infringement for the purpose of attempting to divest the Massachusetts court (but not this Court) of jurisdiction. (*See* Ex. C at 2). But Plaintiff did not genuinely wish to extinguish the controversy; rather, it promised to continue its litigation campaign against YouTube and Google in this Court. (*See* Ex. B at 2 n.1). Because Plaintiff first selected the District of Massachusetts for resolution of this dispute, *its secondary preference for this forum* as part of its forum shopping campaign, should be accorded no weight in the analysis. *See, e.g., NYLife Distribs., Inc. v. Adherence Grp., Inc.,* 72 F.3d 371, 383 (3d Cir. 1995) ("We would also expect the district court to evaluate the conduct of the parties in litigating [parallel actions] to ensure that procedural fencing, forum shopping or gamesmanship is not rewarded.").

### 2. Google And YouTube's Forum Preference Favors Transfer

The second private interest factor is the defendants' choice of forum. *Jumara*, 55 F.3d at 879. Google and YouTube prefer to litigate this dispute in the District of Massachusetts for three main reasons: (1) Plaintiff's principal place of business is located in Chestnut Hill, Massachusetts; (2) Google and YouTube have offices in Boston, Massachusetts, where their engineers work on the accused Google's YouTube products and services; and (3) the parties are currently engaged in Plaintiff's parallel lawsuit in the District of Massachusetts (same parties, same accused products, and same patented technology).[4] These considerations are each "legitimate and rational reasons for seeking transfer to an alternative forum." *See Intellectual*

---

[4]     YouTube filed a motion to amend its pleadings in the District of Massachusetts case to assert counterclaims of non-infringement, invalidity, and unenforceability of the '608 and '302 patents and to join its parent company, Google, in that litigation so the entire controversy between the parties can be properly resolved in Massachusetts. (*See generally* Ex. D).

*Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012).  Thus, this factor

weighs in favor of transfer.

**3.       Google And YouTube's National Operations Favor Transfer**

The third private interest factor is "whether the claim arose elsewhere."  *Jumara*, 55 F.3d

at 879.  "[A]s a matter of law, a claim for patent infringement arises whenever someone has

committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented

invention' without authority."  *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376,

381 (D. Del. 2012) (quoting 35 U.S.C. § 271(a)); *see also Smart Audio Techs.*, 2012 WL

5865742, at *7.  "Accordingly, where the defendant in a patent infringement action operates on a

national level, this factor is often neutral."  *Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*, No. 12-

139-GMS, 2013 WL 3293611, at *3 (D. Del. June 28, 2013).  Importantly, however, this Court

has recognized that, "to some extent, infringement claims arise where the allegedly infringing

products are designed and manufactured."  *SmartAudio Techs.*, 2012 WL 5865742, at *7.

In this case, a substantial portion of the alleged infringement of Google's YouTube video

streaming software—the making, using, and selling of the software—occurred in Massachusetts

and California. (Galanes Decl. at ¶6; Ex. M; D.I. 7 at ¶¶ 5-6).  Google and YouTube are

substantially national companies that conduct business in every state.  Thus, there is no

implication of local interests as demarcated by the loci of corporate activity.  *See Audatex*,

2013 WL 3293611, at *7.  Patent litigations usually "do not give rise to a local controversy or

implicate local interests" because they implicate constitutionally protected property rights and

are governed by federal law.  *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635,

643 (D. Del. 2008).  To some extent, however, the infringement claims arose in Massachusetts

where the accused Google's YouTube products and services were designed and manufactured.

11

Accordingly, this factor weighs in favor of transfer to Massachusetts.  *See Mitel*, 2013 WL 1856457, at *4.

### 4.      Convenience Of The Parties Strongly Favors Transfer

The next issue is whether the proposed transferee forum would be more convenient for the parties.  *See Jumara*, 55 F.3d at 879.  In this assessment, the court weighs several considerations, including: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal."  *Mitel*, 2013 WL 1856457, at *4.  To this end, the court is tasked with assessing the "convenience of the parties as indicated by their relative physical and financial condition."  *See Jumara*, 55 F.3d at 879.

Litigating in the District of Massachusetts is more convenient for all parties because: (1) Plaintiff has its principal (and only) place of business in the proposed transferee forum such that most of the "relevant officers, employees, books, and records" are located in Massachusetts, and none are located in Delaware; (2) Google and YouTube's employees, including those who could testify about the operation of Google's YouTube software and the damages in this case, are located in the proposed forum, such that, although they can be compelled to testify, it would be more convenient for them to do so in Massachusetts; and (3) no witness (party or third party) is located in Delaware.  (Carrano Decl. at ¶¶ 32-36; Galanes Decl. at ¶¶ 6-9).

Furthermore, transfer would also eliminate the "inevitable costs and disruptions that cross-country litigation imposes."  *Mitel*, 2013 WL 1856457, at *5 (quoting *Linex Techs.*, 2013 U.S. Dist. LEXIS at *13).  Here, no party has a physical presence in Delaware.  (Carrano Decl. at ¶¶ 34, 36).  Therefore, should the action remain in Delaware, it is likely that each party will incur

travel costs.  Presumably, however, because both parties operate their businesses in the proposed

transferee district, the cost of litigating in Massachusetts would be less than litigating in

Delaware.  Thus, this factor strongly weighs in favor of transfer.[5]

### 5.      Convenience Of The Witnesses Favors Transfer

The next *Jumara* factor is "the convenience of the witnesses—but only to the extent that

the witnesses may actually be unavailable for trial in one of the fora." *Jumara,* 55 F.3d at 879.

Importantly, "witnesses employed by the parties are not considered by a court conducting venue

transfer analysis because the parties are obligated to procure the presence of their own employees

at trial." *Nilssen v. Everbrite, Inc.,* C.A. No. 00-189, 2001 WL 34368396, at *2 (D. Del. Feb. 16,

2001).  However, a witness may be considered "unavailable" for purposes of the transfer analysis

"if the witness is not subject to a court's subpoena power." *See Smart Audio Techs*., 2012 WL

5865742, at *8.

In this case, there are three named inventors of the asserted patents.  The first named

inventor (Gad Liwerant) is the President and Chief Executive Officer of VideoShare, LLC (Ex. G

at 2), and as an employee of Plaintiff, should not be considered as part of this factor in the

transfer analysis.  The two remaining inventors are no longer employed by Plaintiff and will

likely be called to testify at trial regarding their alleged invention.  (Ex. I at 2, Ex. J at 2).

The second inventor (Guillaume Boissiere) appears to reside in the Phoenix, Arizona area (Ex. I

at 2), which means he is neither subject to the subpoena power of this Court or the District of

---

[5]    For the Vimeo and Viddler defendants, the District of Massachusetts would be equally as
convenient as the District of Delaware.  Vimeo, LLC is a Delaware limited liability company
with a principal place of business in New York, New York.  *VideoShare, LLC v. Vimeo LLC*, C.A.
No. 13-992-GMS, D.I. 1 at ¶ 5 (D. Del. June 4, 2013).  Viddler, Inc. is a Delaware corporation
with a principal place of business in Bethlehem, Pennsylvania.  *VideoShare, LLC v. Viddler, Inc*.,
C.A. No. 13-991-GMS, D.I. 10 at ¶ 5 (D. Del. June 26, 2013).  Aside from being organized in
Delaware, neither defendant has significant ties to the state.  Both defendants are located on the
East Coast and, therefore, travel to Massachusetts is equally as convenient as travel to Delaware.

Massachusetts, rendering his location neutral to the convenience analysis.  The third inventor

(Christopher Dodge), however, appears to reside in the Boston area (Ex. J at 2), and, therefore, is

subject to the District of Massachusetts' subpoena power, which weighs in favor of transfer to

the District of Massachusetts.  *See Audatex*, 2013 WL 3293611 at *5.

### 6.   The Location Of The Books And Records Favors Transfer To Massachusetts

A court must account for "the location of books and records" to the extent that the files

could not be produced in an alternative forum.  *Jumara*, 55 F.3d at 879.  Although "technological

advancements have significantly reduced the weight to be accorded this factor . . . the court may

not simply ignore the location of relevant books and records."  *AIP Acquisition LLC v. iBasis,*

*Inc.,* C.A. No. 12-616, 2012 WL 5199118, at *4 (D. Del. Oct. 19, 2012).

Here, the bulk of the relevant evidence likely resides in Massachusetts.  For example,

Plaintiff's books and records are likely located in Chestnut Hill, Massachusetts (where it has its

only place of business).  (Carrano Decl. at ¶¶ 34).  Further, Plaintiff's video sharing technology

was likely developed in Massachusetts (where the named inventors appear to have resided at the

time the patents were filed).  (D.I. 7, Exs. A and B at cover pages; Ex. F at cover page).

Moreover, Plaintiff's patents were prosecuted in part by law firms in Massachusetts.  (Carrano

Decl. at ¶ 37).  Therefore, Plaintiff's pertinent invention records are likely located in

Massachusetts.  Finally, some of Google and YouTube's research and development records

relevant to the accused Google's YouTube products and services are located in Boston,

Massachusetts.  (Galanes Decl. at ¶¶ 8-9).  Accordingly, this factor favors transfer to

Massachusetts.

### 7.     The Related Litigation In Massachusetts Strongly Favors Transfer

One of the public interest factors is the "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879.  In this regard, courts consider whether there are related lawsuits that would impact judicial economy or efficiency. *See Cashedge, Inc. v. Yodlee, Inc.*, 2006 U.S. Dist. LEXIS 50488, at *7 (D. Del. 2006).  Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court."  *Brunswick Corp. v. Precor Inc.*, 2000 U.S. Dist. LEXIS 22222, at *8 (D. Del. Dec. 12, 2000).  Specifically, the factors supporting a decision to transfer a related case concern:  (1) the same parties; (2) related or similar technologies; and (3) a common field of prior art.  *Cashedge, Inc.*, 2006 U.S. Dist. LEXIS 50488, at *8.  Concurrent litigation on the same technology against the same defendant is also a legitimate concern for judicial efficiency.  *See IpVenture, Inc. v. Acer, Inc.*, 2012 U.S. Dist. LEXIS 102446, at *15 (D. Del. July 24, 2012).

The District of Massachusetts has significant ties to this case because it is currently adjudicating a "mirror image" case to this one.  (*See* Ex. Y at 14).  It involves the same parties (Plaintiff, YouTube, and potentially Google (if the motion to join is granted)), the same accused product and services (Google's YouTube (*e.g.*, youtube.com)), and the same video streaming technology (covered by the closely related '492 patent).  The Massachusetts court has been adjudicating a related patent litigation among the parties for nearly nine months, and is already familiar with the dispute through the parties' pleadings and pre-trial motions.[6]  These practical

---

[6]   The Massachusetts court is also familiar with a similar case filed by Plaintiff against Brightcove, Inc., alleging infringement of the '492 patent by "Brightcove's . . . products and services" related to sharing streaming video.  *VideoShare, LLC v. Brightcove, Inc.*, No.1: 12-cv-11213-MLW, D.I. 1 at ¶¶ 1, 7 (D. Mass. July 19, 2012).  That case was voluntarily dismissed without prejudice.  *See id*. at D.I. 46.

considerations strongly favor transfer to allow the District of Massachusetts the opportunity to resolve this singular dispute between the parties.

### 8. Delaware Has No Ties To The Witnesses Or The Dispute

There is a public policy interest in keeping litigation between Delaware corporations in Delaware. *Microsoft Corp. v. Geotag Inc.*, 847 F. Supp. 2d 675, 680 (D. Del. 2012). But this factor is not dispositive to the transfer analysis, particularly where Delaware has no other ties to the parties or the dispute. *See Link_A_Media Devices*, 662 F.3d at 1223.

In this case, Google and YouTube have no discernible connection to Delaware beyond it being their state of organization. The mere fact that Google and YouTube are organized in the state, however, is not "dispositive of the public interest analysis." *Id.* at 1224 ("Neither § 1404 nor *Jumara* list a party's state of incorporation as a factor for a venue inquiry."). Delaware "has no connection to any of the witnesses or evidence relevant to the cause of action." *Genentech*, 566 F.3d at 1341-42. To the contrary, Massachusetts has significant ties to the parties (Section V.B.4 *supra*) and the bulk of the evidence (Section V.B.6 *supra*), and the District of Massachusetts has handled nine months of litigation between the parties involving a nearly identical patent infringement case (Section V.B.7 *supra*). Thus, this factor favors transfer to the District of Massachusetts.[7] *See, e.g., In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009) (granting mandamus petition because "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer").

---

[7] In the alternative to venue change, the court may enjoin this case pending disposition of the first-filed Massachusetts case. See *Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956, 960 (D. Del. 1977*)* (the district court had "no choice but to enjoin" the [second-filed] suit on the later patent pending disposition of the claims in the first litigation because the related patents were "part of the same controversy*"), aff'd*, 577 F.2d 725 (3d Cir. 1978). Google and YouTube will provide briefing on this issue should the Court be inclined to consider it.

16

### 9. The Other Public Factors Have Little Or No Applicability

The other public factors have little to no applicability to this case.  For example, there is no difference regarding the enforceability of the judgment in Massachusetts or Delaware because they are both federal district courts in the United States.  Likewise, there is no meaningful difference between the court congestion in Massachusetts or Delaware.  The judicial statistics indicate a 29.8 month median time from filing date to trial in Delaware (Ex. L at 2), compared to 31.0 months in Massachusetts (Ex. K at 2).  Likewise, the "local interest in deciding local controversies" factor is not implicated here because the parties' technologies operate on the Internet, and the parties conduct business on a national and international level.  *See Microsoft*, 847 F. Supp. 2d at 680.  Finally, this case is based on a federal question, rather than diversity of citizenship, so the last public interest factor is neutral to the transfer analysis.

### C. The *Jumara* Factors Strongly Favor Transfer

Considering the *Jumara* factors as a whole, Google and YouTube respectfully submit that they have met their burden of demonstrating that the interests of justice and convenience strongly favor transfer.  Only Plaintiff's choice of forum weighs against transfer, but that factor is significantly diminished by the fact that Plaintiff first selected the District of Massachusetts to initiate its dispute against YouTube, and now appears to be engaged in forum shopping for greener pastures.  On the other hand, several factors favor transfer:  Google and YouTube's forum preference; the location of where the claims aros); the convenience of the parties; the location of relevant books and records; and the practical considerations of the closely related litigation that would make trial easy and expeditious in the District of Massachusetts.

## VI.     THIS CASE SHOULD BE STAYED PENDING DISPOSITION OF THIS TRANSFER MOTION

District courts are afforded a high level of discretion in deciding motions to transfer. *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. Jan. 29, 2013).  The Federal Circuit has emphasized the "importance of addressing motions to transfer at the outset of litigation." *Id.* To be sure, disposition of a transfer motion should take "top priority" in handling of the case, *id.*, "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted).  In this regard, the Third Circuit has concluded that "[j]udicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected," and thus "it is not proper to postpone consideration of the application for transfer under § 1404(a) . . . ." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970).  In patent cases, the Federal Circuit has directed the litigants to file a motion to stay proceedings and for the district court to decide the motion to stay and a pending motion to transfer venue "before proceeding to any motion on the merits of the action." *In re Fusion–IO, Inc.*, 489 F. App'x 465, 465 (Fed. Cir. 2012).

Google and YouTube requested a stay of the proceedings to permit consideration of the transfer motion at the very beginning of this case.   Indeed, Google and YouTube sought transfer of this case upon its first opportunity (*i.e.*, the motion was filed a few days after its answer) to ensure that this case proceeds in the most convenient forum.  Further, there has been no Rule 16 conference, no discovery has occurred, and no scheduling order has been entered.  Thus, a stay of the proceedings is proper. *See, e.g.*, *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 06-514, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) (staying litigation at the infancy of the case).

Staying the proceedings will also allow the Court to properly decide the transfer motion in light of judicial economy and comity.  Absent a stay, the Court may needlessly expend its energies familiarizing "itself with the intricacies of a case that [will] be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Indeed, Google and YouTube have filed amended counterclaims in Massachusetts seeking resolution of the identical issues presented in this case (*i.e.*, non-infringement, invalidity, and unenforceability of the '608 and '302 patents).  Thus, staying this litigation would prevent duplicative litigation over the same controversy.  *See, e.g.*, *Fuller v. Amerigas Propane, Inc.*, No. 3:09-CV-2493, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("[d]uplication of case management tasks by multiple courts is not an economical use of judicial resources.").

Furthermore, a short stay pending disposition of the transfer motion will not prejudice the parties.  Indeed, Plaintiff could have initiated this lawsuit long ago.  Google purchased the accused YouTube products and services back in 2006.  (Carrano Decl. at 31; Ex. N at 2).  Plaintiff obtained its first patent directed to video sharing technology on July 26, 2011.  (*See* Ex. F at cover page).  With years passing since then, Plaintiff cannot reasonably oppose a short stay to ensure that this case proceeds in the appropriate forum.  *See, e.g., Ingro v. Tyco Indus., Inc.*, 227 U.S.P.Q. 69, 70 (N.D. Ill. 1985) (finding delay during a stay would not be undue "especially in light of plaintiff's own delay in initiating litigation").

Finally, Plaintiff will not be substantively harmed by a stay.  Plaintiff has no business other than enforcing its patent rights and does not compete with Google in the relevant marketplace.  Assuming Plaintiff establishes liability and a basis for damages, any delay caused by a short stay can be remedied through money damages.  *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. Apr. 6, 2011) (finding that any delay caused by a slower docket in the

19

transferee court was not relevant given that plaintiff was not a competitor and money damages would be available).

## VII.    CONCLUSION

The private and public interest factors strongly favor transfer to the District of Massachusetts.  The parties are already litigating a closely related patent infringement dispute in that district.  There are no party witnesses, non-party witnesses, or evidence located in Delaware, nor is this a local controversy.  In contrast, Plaintiff's only place of business is located in Massachusetts.  A significant quantity of evidence (including party witnesses, inventor witnesses, books and records) is located in Massachusetts.  For these reasons, Google and YouTube respectfully request transfer of this case to the District of Massachusetts to serve the interests of justice and for the convenience of the parties and witnesses.  Finally, Google and YouTube respectfully request a stay of the proceedings pending disposition of the transfer motion to promote judicial economy and conserve party resources.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Google Inc. and YouTube LLC*

OF COUNSEL:

Cono A. Carrano
David C. Vondle
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564
(202)  887-4000

August 2, 2013
7425212.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 2, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire | *VIA ELECTRONIC MAIL* |
| FARNAN LLP | |
| 919 North Market Street, 12th Floor | |
| Wilmington, DE  19801 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Gregory S. Dovel, Esquire | *VIA ELECTRONIC MAIL* |
| Richard E. Lyon, III, Esquire | |
| Simon Franzini, Esquire | |
| DOVEL & LUNER, LLP | |
| 201 Santa Monica Boulevard, Suite 600 | |
| Santa Monica, CA  90401 | |
| *Attorneys for Plaintiff* | |

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)