IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIDEOSHARE, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>GOOGLE INC. and YOUTUBE LLC,<br><br>    Defendants/Counterclaim Plaintiffs. | Civil Action No. 13-990 GMS |
| VIDEOSHARE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VIDDLER, INC.<br><br>    Defendant. | Civil Action No. 13-991-GMS |
| VIDEOSHARE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VIMEO, LLC<br><br>    Defendant. | Civil Action No. 13-992-GMS |

**MEMORANDUM**

## I. INTRODUCTION

On June 4, 2013, the plaintiff VideoShare, LLC ("VideoShare") filed actions against Google Inc. ("Google"), YouTube, LLC ("YouTube"), Viddler, Inc. ("Viddler"), and Vimeo,

LLC ("Vimeo") (collectively, "the defendants") alleging infringement of U.S. Patent No. 8,438,608 ("the '608 patent").[1] On June 26, 2013, VideoShare filed amended complaints against Google and YouTube, (*Google*, D.I. 7), and against Viddler, (*Viddler*, D.I. 10), asserting infringement of U.S. Patent No. 8,464,302 ("the '302 patent"). Presently before the court are the defendants' Motions to Transfer to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) and Stay Pending Disposition of the Transfer Motions. (*Google*, D.I. 13; *Viddler*, D.I. 15; *Vimeo*, D.I. 10.) For the reasons that follow, the court will deny the defendants' motions.

## II. BACKGROUND

VideoShare is a Delaware limited liability company with its principal place of business in Chestnut Hill, Massachusetts. (*Google*, D.I. 7, ¶ 4.) Google is a Delaware corporation with its principal place of business in Mountain View, California. (*Id.*, ¶ 5.) YouTube is a wholly-owned subsidiary of Google and a Delaware limited liability company with its principal place of business in San Bruno, California. (*Id.*, ¶ 6.) Viddler is a Delaware corporation with its principal place of business in Bethlehem, Pennsylvania. (*Viddler*, D.I. 10, ¶ 5.) Vimeo is a Delaware limited liability company with its principal place of business is in New York, New York. (*Vimeo*, D.I. 1, ¶ 5.)

The '302 and '608 patents (collectively, "the patents-in-suit") relate to systems and methods for sharing a streaming video over a computer network. VideoShare alleges that the defendants' products and services for receiving, converting, and sharing streaming video infringe the patents-in-suit. (*Google*, D.I. 7; *Viddler*, D.I. 10; *Vimeo*, D.I. 1.)

---

[1] *See VideoShare LLC v. Google, Inc.*, C.A. No. 13-990-GMS ("*Google*") (D.I. 1); *VideoShare LLC v. Viddler*, C.A. No. 13-991-GMS *("Viddler")* (D.I. 1); and *VideoShare LLC v. Vimeo*, C.A. No. 13-992-GMS *("Vimeo")* (D.I. 1).

2

### III. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under this provision, a district court may exercise "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). The purpose of transfer is to protect litigants, witnesses, and the public from the unnecessary waste of time, energy, and money. *See Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d. 294, 299 (D. Del. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The court undertakes a two-step inquiry in order to resolve a motion to transfer. "The court first asks whether the action could have been brought in the proposed transferee venue and then determines whether transfer to a different forum would best serve the interests of justice and convenience." *Smart Audio Techs., L.L.C. v. Apple, Inc.*, 910 F. Supp. 2d 718, 724 (D. Del. 2012). At each step, the defendant has the burden to demonstrate that a transfer is appropriate, *Jumara*, 55 F.3d at 879-80, and "unless the balance of convenience of the parties is *strongly* in favor of the defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

### IV. DISCUSSION

#### A. The Propriety of the Transferee Forum

The parties do not dispute that the present action could have been brought in the District of Massachusetts -- VideoShare resides in Massachusetts, and all of the defendants provide

3

services nationally and thus, perform the allegedly infringing activities in that district. *See* 28 U.S.C. §§ 1338(a) and 1400(b); (*Google*, D.I. 14 at 7; *Viddler*, D.I. 16 at 3-4; *Vimeo*, D.I. 11 at 5.) Accordingly, the court proceeds to the second step of the transfer analysis.

### B. The *Jumera* Analysis

The court next must consider whether transfer to the District of Massachusetts would serve the interests of convenience and justice. In the Third Circuit, this requires an individualized analysis, accounting for the various private and public interests guarded by § 1404(a). *See Jumara*, 55 F.3d at 879. The court, rather than applying any "definitive formula," considers each of these "*Jumara* factors" on a case-by-case basis. *See id.* The private interests may include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). And the public interests may include:

> the enforceability of the judgment: practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted). Importantly, the *Jumara* analysis is not limited to these explicitly enumerated factors, and no one factor is dispositive. *See id.* at 879.

#### 1. Private interest factors

##### a. Plaintiff's forum preference

4

VideoShare is a Delaware LLC, but it maintains a principal place of business in Massachusetts.[2] Accordingly, VideoShare's forum choice weighs against transfer and is accorded heightened weight in the analysis, but less than paramount consideration. *See Linex Techs., Inc. v. Hewlett-Packard Co.,* No. 11-400-GMS, 2013 U.S. Dist. LEXIS 1924, at *10 (D. Del. Jan. 7, 2013) (citing *In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("[W]hen a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than . . . paramount consideration.")).

### b. Defendant's forum preference

For the defendants' choice of forum factor to carry weight in the *Jumera* analysis, the defendants must demonstrate "a legitimate and rational reason for seeking an alternative forum." *Audatex N. Am., Inc. v. Mitchell Int'l, Inc.,* No. 12-139-GMS, 2013 U.S. Dist. LEXIS 90847, at *8 (D. Del. June 28, 2013) (citing *Intellectual Ventures I LLC v. Altera Corp.,* 842 F. Supp. 2d 744, 755 (D. Del. 2012)). Here, the defendants indicate that they prefer to litigate in the District

---

[2] On October 26, 2012, VideoShare filed an action in the District of Massachusetts against YouTube for infringement of U.S. Patent 7,987,492 ("the '492 patent"). *See VideoShare, LLC v. YouTube, LLC,* ("*Mass. Action*"), No. 12-cv-12012- MLW (D. Mass.), D.I. 1. The defendants allege that VideoShare is forum shopping by filing the instant actions in Delaware when it had a closely related patent action pending in Massachusetts. (*Google,* D.I. 22 at 9-10.) In response, VideoShare argues that it was issued several new patents before a scheduling order was entered or any substantive motions were decided in the Massachusetts action, and that it decided to abandon the '492 infringement claims in favor of pursuing claims for infringement of two newly issued patents against YouTube and other defendants. (*Id.,* D.I. 17 at 4.) VideoShare then gave YouTube a covenant not to sue for infringement of the '492 patent, and moved to dismiss the Massachusetts action for lack of subject matter jurisdiction on July 1, 2013, approximately one month after it filed the instant Delaware actions. (*Id.*) YouTube opposed the motion to dismiss and sought leave to supplement its counterclaims with claims related to the '608 and '302 patents. (*Id.,* D.I. 17 at 5.) On February 1, 2014, the Massachusetts court denied YouTube's request to supplement its counterclaims, granted VideoShare's motion, and dismissed the action for lack of subject matter jurisdiction. *Mass. Action,* No. 12-cv-12012- MLW, slip op. at 11 (D. Mass. Feb. 1, 2014). In light of the fact that the Massachusetts court had not issued a ruling unfavorable to VideoShare at the time it filed the Delaware actions, the court is not persuaded that VideoShare was "forum shopping" or seeking any improper advantage. *See MP Vista, Inc. v. Motiva Enters. LLC,* C.A. No. 07-099-GMS, 2008 U.S. Dist. LEXIS 104561, at *5 (D. Del. Dec. 29, 2008) (stating that "forum shopping" occurs when plaintiffs "seek to avoid prior rulings or governing precedents in other jurisdictions").

of Massachusetts. To support their forum choice, Google and YouTube state that they have offices in the proposed transferee district. (*Google*, D.I. 22 at 3.) Further, the defendants collectively argue that transfer would better serve the interests of judicial economy because: VideoShare filed an earlier action against YouTube in Massachusetts involving the same claimed technology; as such, the Massachusetts court is familiar with the subject matter in controversy; and transfer to Massachusetts would allow all of the VideoShare lawsuits to proceed in a single forum. (*Google*, D.I. 22 at 3-4; *Viddler*, D.I. 16 at 5; *Vimeo*, D.I. 15 at 4-5.) In response, VideoShare argues that Google's and YouTube's forum choice should be given less weight than its preference to litigate in Delaware, (*Google*; D.I. 17 at 6), and that Viddler's and Vimeo's choice should be disregarded because they do not have a physical connection to Massachusetts. (*Viddler*, D.I. 17 at 8).

As an initial matter, concerns of judicial economy are traditionally evaluated under the "practical considerations" public interest factor. Nevertheless, the court finds that the now dismissed Massachusetts action offers minor support to the defendants' forum choice. As discussed in Note 2, *supra*, the Massachusetts action was dismissed for lack of subject matter jurisdiction because VideoShare provided YouTube a covenant not to sue for past or future infringement of the '492 patent. The Massachusetts court reasoned that "the covenant suffices to 'extinguish[] any current or future case or controversy between the parties[]'" regarding the '492 patent. *Mass. Action*, No. 12-cv-12012-MLW, slip op. at 6 (D. Mass. Feb. 1, 2014) (quoting *Del Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010)). As a result, the action was disposed of on procedural grounds and not on the merits of the patent after an analysis of the underlying technology. Accordingly, any support for transfer based on the court's familiarity

6

with the dispute is minor. Moreover, the Massachusetts court found that resolution of the instant transfer motions was the "most appropriate" means for determining which jurisdiction should adjudicate the parties' dispute concerning the '608 and '302 patents. *Id.*, slip op. at 10. Therefore, the court finds that the defendants' choice of forum weighs only slightly in favor of transfer.

### c. Whether claims arose elsewhere

"[A]s a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes uses offers to sell, or sells any patented invention' without authority." *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. §271(a)). Accordingly, this factor is generally neutral where the defendant in a patent infringement action operates on a national level because the infringement can be viewed as occurring in all districts. *Smart Audio*, 910 F. Supp. 2d at 730. However, the court has acknowledged that this factor weighs slightly in favor of transfer when "at least some of the research and development activities relating to [the accused] products occurred in the proposed transferee district" and none occurred in Delaware. *Id.* at 730-31. Here, Viddler and Vimeo concede that this factor is neutral because they simply operate at a national level. (*Viddler*, D.I. 16 at 5; *Vimeo*, D.I. 11 at 8.) But Google and YouTube contend that "[t]o some extent . . . the infringement claims arose in Massachusetts," (*Google*, D.I. 14 at 11), because the accused products were designed and developed "in part" at Google's Massachusetts office, (*Id.*, D.I. 15 "Galanes Decl.," ¶ 6). In response, VideoShare submitted numerous Google and YouTube employee declarations averring that the "vast majority" of work related to development, design, operation, and marketing of the online services takes place in

7

California. (*Google*, D.I. 17 at 7-10.) Thus, considering the defendants collectively, the court finds that this factor is neutral -- any consideration in favor of transfer for Google and YouTube is undermined by the related Viddler and Vimeo actions.

### d. Convenience of the parties

In evaluating the convenience of the parties, the court considers: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Smart Audio*, 910 F. Supp. 2d at 731 (citation omitted).

Here, VideoShare is located in Massachusetts, and the defendants are located in California (Google and YouTube), New York City (Vimeo), and Bethlehem, Pennsylvania (Viddler). Google and YouTube argue that Massachusetts is a more convenient forum because their employees who could testify about Google's YouTube software are located in the Massachusetts office. (*Google*, D.I. 14 at 12.) Additionally, the defendants collectively argue that transfer is warranted because none of them have offices or employees in Delaware, and that it would be more convenient for VideoShare to litigate in Massachusetts, where its only office and sole employee are located. (*Google*, D.I. 22 at 5; *Viddler*, D.I. 20 at 3; *Vimeo*, D.I. 15 at 6.) VideoShare, on the other hand, argues that: Delaware is more convenient because it chose to bring suit in this forum; the Google and YouTube witnesses likely to have relevant knowledge are located in their California headquarters -- far from both districts, but closer to Delaware; Viddler and Vimeo do not have a presence in Massachusetts; and those two defendants'

8

headquarters are significantly closer to Delaware than Massachusetts.[3] (*Google*, D.I. 17 at 12; *Viddler*, D.I. 17 at 9-10.)

Accordingly, the court is presented with an unusual scenario – the parties' respective headquarters are physically located further from their preferred forum than the opposed forum. As such, the court does not need to deeply analyze the associated logistical and operational costs, or the parties' ability to bear those costs, because the parties are willing to travel a further distance to litigate in their preferred forum. Stated differently, none of the parties can make a colorable argument that it would be "inconvenient" to litigate closer to home. Furthermore, all of the parties are Delaware entities, and an entity's "decision to incorporate in Delaware suggest[s] that the inconvenience of litigating here is somewhat less than the court would ordinarily presume it to be." *Linex Techs.*, 2013 U.S. Dist. LEXIS 1924, at *15. Accordingly, the court finds that this factor weighs against transfer.

### e. Convenience of witnesses

The court next considers "the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. The defendants contend that the three named inventors of the asserted patents -- Gad Liwerant, Guillaume Boissiere, and Christopher Dodge -- will likely be called to testify at trial regarding their invention. Liwerant is VideoShare's President and CEO, and therefore, does not affect the "balance of convenience" analysis because he is obligated to attend trial. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). VideoShare states that Boissiere resides in Arizona, but has made himself available to testify in Delaware. (*Google*, D.I. 17 at 13.) In response, the

---

[3] VideoShare submitted documentation showing that Viddler's and Vimeo's headquarters are, respectively, 60 and 100 miles from the Delaware courthouse, but 250 and 200 miles from the Massachusetts courthouse. (*Viddler*, D.I. 17 at 9.)

9

defendants argue that Massachusetts is the "most convenient forum" for Dodge because he resides in Boston. (*Id.*, D.I. 22 at 6.) However, none of the parties provided any indication that Boissiere would refuse to testify in Massachusetts or that Dodge would similarly refuse to testify in Delaware. As such, the court finds this factor is neutral. *See Linex Techs.*, 2013 U.S. Dist. LEXIS 1924, at *18 (finding factors only given weight when "likely witnesses reside beyond the court's subpoena power and that there is reason to believe those witnesses will refuse to testify absent a subpoena.").

### f. Location of books and records

Finally, for the location of books and records factor, the court has acknowledged that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Smart Audio*, 910 F. Supp. 2d at 732 (citation omitted). Although Google and YouTube maintain that some of the infringing technology was developed in Boston, they don't provide any specific information. (*Google*, D.I. 14 at 14.) In the absence of such information, the court can only consider that the majority of Google's and YouTube's records are located in California -- far from both fora. As for Vimeo and Viddler, their records are respectively located in New York City and Bethlehem, Pennsylvania. While VideoShare's records are located in Massachusetts, it is the plaintiff and will have far fewer pertinent documents than the three combined defendants. Therefore, the court finds this factor is neutral because the bulk of the relevant evidence is not located in either forum.

### 2. Public interest factors

The parties agree that many of the public interest *Jumera* factors are inapplicable or

neutral. The court will discuss the three disputed factors -- practical considerations, relative administrative difficulty, and public policies of the fora.

### a. Practical considerations

*Jumara* instructs the court to assess "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara,* 55 F.3d at 8. One such consideration is the existence of related lawsuits in the district court. *Smart Audio,* 910 F. Supp. 2d at 733. Here, the parties agree that judicial economy counsels keeping the three lawsuits in the same district because they involve the same two patents and similar accused technologies, the parties simply disagree as to which district. (*Google,* D.I. 22 at 7-8; *Viddler,* D.I. 16 at 5, D.I. 17 at 14; *Vimeo,* D.I. 11 at 10.) To support their judicial economy position, both sides reiterate their private interest arguments.[4] Additionally, the defendants argue that "the District of Massachusetts is now even more familiar with the dispute, having recently issued an opinion addressing the litigation history between the parties, the subject matter of the action, and the patents at issue." (*Google,* D.I. 24 at 2.) The court disagrees. As noted above, the Massachusetts court's ruling was made on procedural grounds and not on the merits of the underlying patented technology. Accordingly, practical considerations and judicially economy counsel that the three lawsuits should remain in Delaware because the private interest factors weigh against transfer.

### b. Relative administrative difficulty

The parties provide court statistics for the relative administrative difficulty in the two fora

---

[4] VideoShare contends this factor weighs significantly against transfer because the District of Delaware has the stronger connection to the three lawsuits -- all of the parties freely chose to incorporate/organize in this district; Google's and YouTube's only connection to Massachusetts is that one of its thirty United States regional offices is located in that district; and Viddler and Vimeo have no physical connection whatsoever to Massachusetts. (*Viddler,* D.I. 17 at 14-15.) In response, the defendants argue that "[t]he center of gravity of this controversy remains in Massachusetts" because VideoShare is headquartered there; a nonparty named inventor resides there; the "claimed inventions were developed there"; and YouTube has an office there. (*Google,* or D.I. 24 at 2.)

11

resulting from court congestion. VideoShare contends that this factor weighs against transfer because the District of Delaware is comparatively faster at moving patent cases through its docket than the District of Massachusetts. Specifically, VideoShare argues that from 2000 to 2010, the District of Delaware had an average of 1.05 years to resolution and 2.03 years to trial, compared to 1.29 and 2.66 years in the District of Massachusetts. (*Google*, D.I. 17 at 18, citing Mark A. Lemley, *Where to File Your Patent Case* at 15-18.) Conversely, the defendants argue that this factor is neutral because 2012 judicial statistics indicate that the median time to trial for civil cases was 29.8 months in Delaware and 31.0 months in Massachusetts – a negligible difference. (*Google*, D.I. 14 at 17.) The court is not convinced that the cited statistics favor one forum over another. Accordingly, the court finds this factor is neutral.

### c. Public policies of the fora

Finally, VideoShare argues that Delaware's public policy, which encourages resolving business disputes between Delaware entities in Delaware, weighs against transfer because all of parties are Delaware entities. (*Google*, D.I. 17 and 19.) Google and YouTube contend that they have "no discernible connection to Delaware beyond it being their state of organization," and "[t]he mere fact that [they] are organized in [Delaware] is not 'dispositive of the public interest analysis.'" (*Id.*, D.I. 14 at 16 (quoting *Link_A_Media Devices*, 662 F.3d at 1224).) While the court agrees that this factor is not dispositive, it does have "minimal importance" and weighs slightly against transfer because all of the parties are companies organized under Delaware law. *See AIP Acquisition LLC v. iBasis, Inc.*, C.A. No. 12-616-GMS, 2012 U.S. Dist. LEXIS 150534, at *18 (D. Del. Oct. 19, 2012).

### C. Transfer Analysis Summary

Considering the *Jumara* factors as a whole, the court finds the defendants have not met

12

their burden of demonstrating that the interests of justice and convenience strongly favor transfer. Indeed, only the defendants' forum preference counseled transfer, and that factor is eclipsed by VideoShare's forum choice, which was afforded a degree of heightened deference as an individual *Jumera* factor. Additionally, the convenience of the parties weighs against transfer and the remaining private interest factors are neutral. Likewise, most of the public interest *Jumera* factors are neutral or inapplicable in this case. However, the "practical considerations" factor weighs against transfer because the District of Delaware has a stronger connection to the defendants as a whole. Similarrly, Delaware's public policy weighs slightly against transfer.

## V. CONCLUSION

For the reasons stated above, the court will deny the defendants' motions to transfer to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Dated: April ⎵, 2014

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIDEOSHARE, LLC, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> GOOGLE INC. and YOUTUBE LLC, <br><br> Defendants/Counterclaim Plaintiff's. | Civil Action No. 13-990 GMS |
| VIDEOSHARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VIDDLER, INC. <br><br> Defendant. | Civil Action No. 13-991-GMS |
| VIDEOSHARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VIMEO, LLC <br><br> Defendant. | Civil Action No. 13-992-GMS |

## ORDER

At Wilmington, this 1st day of April, 2014,

IT IS HEREBY ORDERED THAT:

1. The Google's and YouTube's Motion to Transfer to the District of Massachusetts and Stay Proceedings Pending Disposition of the Transfer Motion (13-990, D.I. 13) is DENIED.

14

2. The Viddler's Motion to Transfer to the District of Massachusetts and Stay Proceedings Pending Disposition of the Transfer Motion (13-991, D.I. 15) is DENIED.

3. The Vimeo's Motion to Transfer to the District of Massachusetts and Stay Proceedings Pending Disposition of the Transfer Motion (13-992, D.I. 10) is DENIED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE