MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

JACK B. BLUMENFELD
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

July 6, 2016

The Honorable Gregory M. Sleet
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19899

*VIA ELECTRONIC FILING*

Re: *VideoShare, LLC v. Google Inc. and YouTube, LLC*
C.A. No. 13-990-GMS

Dear Judge Sleet,

On July 1, 2016 VideoShare submitted a purported notice of subsequent authority, but which was in fact additional argument regarding Google's pending motion for judgment on the pleadings. D.I. 169. That letter submits two single-spaced pages of additional argument without leave of Court. Google does not believe that any of the cases submitted by VideoShare represent a change in the law or alter the outcome that VideoShare's patents claim patent ineligible subject matter. If Your Honor is going to consider VideoShare's additional arguments, Google provides the following brief responses.

**I. VideoShare's Newly Cited *Alice* Step One Cases – *Enfish* and *In Re TLI* – Confirm that the Asserted Patents Are Directed to an Abstract Idea**

That some patents claiming subject matter directed to improvements in computer technology may be patent eligible is not new law. *Enfish, LLC v. Microsoft Corp.*, No. 2015-1244 at 10 (Fed. Cir. May 12, 2016). Neither is the conclusion that computer claims "directed to the use of conventional or generic technology in a nascent but well-known environment" are directed to abstract ideas. *In re TLI Comms. LLC Pat. Litig.*, No. 2015-1372 at 8 (Fed. Cir. May 17, 2016).[1] Google has already demonstrated that the asserted claims do not claim new

[1] Judge Andrews has observed that both *Enfish* and *TLI* are consistent with the preexisting precedent and "whether a given claim 'improve[s] the way a computer [works]' is not, by itself determinative." *Visual Memory LLC v. Nvidia Corp.*, Case No. 14-789-RGA at 8-9, (D. Del. May 27, 2016) (attached as Ex. 1).

streaming, compression or thumbnail creation technology nor are they directed to a "technological problem." *See e.g.*, D.I. 85 at 3-6, 12-19; D.I. 118 at 4-7 (the claims are not directed to computer improvements for many of the same reasons they lack an inventive concept); *see also TLI* at 10-11. Neither *Enfish* nor *TLI* alter this conclusion. The claims in *Enfish* were directed to a specific database structure model ("self-referential table") that described how the claims were improvements to the underlying computer technology. *Enfish* at 18; *see also id.* at 2-3, 6-7 & 12-15 (all describing self-referential structure). In contrast, VideoShare's claims, which rely only on generic and known computing functions of uploading and converting videos, creating thumbnails and sharing of videos, are akin to the broad classifying and storing of photograph claims found patent ineligible in *TLI*. *TLI* at 4-5, 7-11; *see also* D.I. 85 at 3-6.

## II. *BASCOM* Is Not Applicable Here Because the Asserted Claims Do Not Require a Sequence of Limitations

*BASCOM Glob. Inter. v. AT&T Mobility LLC*, No. 2015-1763 (Fed. Cir. Jun. 27, 2016) likewise does not alter the outcome here. The asserted claims do not require a sequence of limitations. D.I. 92, at 4 (adopting Plaintiff's construction eliminating any order for the claim limitations). Moreover, VideoShare has not asserted that the sequence of limitations is inventive. D.I. 107 at 17-19. The asserted claims recite only generic computer and Internet elements as they were used at the time of the filing of the patents, and do not "describe a particular **arrangement** of elements [that] is a technical improvement over the prior art." *BASCOM* at 16 (emphasis added); D.I. 85 at 11-17. The asserted claims do exactly what *BASCOM* warns against – they apply an abstract idea (converting and sharing videos) on generic computers without a specific, non-preempting implementation. *BASCOM* at 16; *see also Id.* at 19; D.I. 85 at 11-17.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosure
cc: Clerk of Court (Via Hand Delivery; w/ encl.)
All Counsel of Record (Via Electronic Mail; w/ encl.)